AO 106 (Rev. 04/10) Application for a Search Warrant



FILED
FEB 2 2 2017
JULIE RICHARDS JOHNSTON, CLERK
US DISTRICT COURT, EDNC
BY _____ DEP CLK

# UNITED STATES DISTRICT COURT
for the
Eastern District of North Carolina

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

SciQuest, Inc., 3020 Carrington Mill Boulevard, Suite 100
Morrisville, NC

) ) ) ) )

Case No. 5:17-MJ-1139-RN

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

see Attachment A to Affidavit of Andrew Maurer

located in the _____ Eastern _____ District of _____ North Carolina _____, there is now concealed *(identify the person or describe the property to be seized)*:

see Attachment B to Affidavit of Andrew Maurer

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
- ☑ evidence of a crime;
- ☑ contraband, fruits of crime, or other items illegally possessed;
- ☑ property designed for use, intended for use, or used in committing a crime;
- ☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 876(c) | Transmitting threats in interstate commerce |

The application is based on these facts:

see attached Affidavit of Andrew Maurer

- ☑ Continued on the attached sheet.
- ☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

*Applicant's signature*

Andew Maurer, Task Force Office, FBI
*Printed name and title*

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the applicant appeared before me via reliable electronic means and was placed under oath.

Date: February 22, 2017

*Judge's signature*

City and state: Raleigh NC

Robert T. Numbers II, United States Magistrate Judge
*Printed name and title*

**AFFIDAVIT IN SUPPORT OF SEARCH WARRANT**

I, Andrew Maurer, being duly sworn, depose and say:

1. I have been a Task Force Officer of the Federal Bureau of Investigation (FBI) since August of 2014. During that time, I have conducted investigations in counter-terrorism cases in the United States and overseas. I have received training in criminal enterprise, conducting criminal and intelligence investigations, conducting searches and seizures, and effecting criminal arrests. Furthermore, I have been a police officer with the Cary Police Department since 2011 and formerly a Florida state trooper and Winter Park, Florida police officer since 1998; I have a total of 19 years of law enforcement experience.

2. The information contained in this affidavit is based on my personal knowledge of the facts and evidence, my training and experience, and information obtained from other law enforcement agents and witnesses. Since this affidavit is being submitted for the purpose of establishing probable cause for the issuance of an arrest warrant, I have not included each and every fact known to me concerning this investigation, and have set forth only those facts I believe are necessary for said purpose.

**PROBABLE CAUSE**

3. On or around February 19, 2017, Garrett Grimsley engaged in public and private communications with a cooperating witness (CW) on the messaging application Whisper.

4. Your affiant is aware that Whisper is a messaging application service provided to users free of charge. It is primarily a mobile-device application which can be accessed on a cellular phone, either Android or iPhones. However, it can also be downloaded to, installed on, and operated from traditional computers through the use of additional software. Whisper allows users to send or post messages or "whispers" anonymously, either publicly or privately. Whisper also has a Global Positioning System (GPS) function that allows users to see public posts that are close to their own geographical area

1

in order to promote discussion and contact among people that are located in close proximity to each other.

5. The CW encountered Grimsley under the local tab on Whisper, which indicated that the two were 12 miles away from each other. The CW was located in Cary, NC at that time.

6. Grimsley, under the username "Spark_Pure", had made a public post on February 19, 2017, stating "Salam, some of you are alright, don't go to Cary tomorrow." In the background was a picture of a bearded middle-aged male wearing camouflage pants and holding a red flag with a black star in the middle. The CW responded, "Why – what's happening in Cary tomorrow?"

7. The two then engaged in a private chat during which Grimsley stated: "Asalam alaikum brother. For too long the the kuffar have spit in our faces and trampled our rights. This cannot continue. I cannot speak of anything. Say your dua, sleep, and watch the news tomorrow. It will only be the beginning, insha'Allah." (NOTE: "dua" is Arabic for prayers, "insha'Allah" is Arabic for God willing, and "kuffar" is a derogatory Arabic term extremists use for non-Muslims). Grimsley added that he was deleting his Whisper account. The CW subsequently attempted to engage further with Grimsley by discussing excerpts of the Qu'ran, however Grimsley did not respond.

8. On February 19, 2017, Whisper provided Geo-Locate information for the postings made that day under the "Spark_Pure" account showing a Latitude/Longitude at the Weston Lakeside Apartments in Cary, NC. Whisper advised that these postings transferred through their servers located in California.

9. The data provided by Whisper also showed a recent accessed Internet Protocal (IP) address used by account "Spark_Pure" to access Whisper was 98.122.138.36:49818 (accessed on 02/18/2017 at around 23:40hrs). Whisper also indicated that the "Spark_Pure" user appeared to have accessed the account by means of an Apple iPhone using T-Mobile service.

10. On February 19, 2017, Time Warner Cable provided the subscriber account information for the user of the IP address 98.122.138.36:49818 which was used on 02/19/2017. Time Warner

2

Cable identified the subscriber as Garrett Grimsley located at 3116 Lakeside View Ct. Cary, NC with a phone number of (910) 352-5109. A search of Accurint shows Garrett Grimsley with a current address of 3116 Lakeside View Court, Cary, NC and a phone number of (910) 352-5109.

11. Your affiant knows that the apartment at 3116 Lakeside View Court, Cary, NC was located inside the Weston Lakeside Apartments complex.

12. Open sources checks and law enforcement databases showed Garrett Grimsley lived at 3116 Lakeside View Court, Cary NC and utilized (910) 352-5109 as his phone number. Records also showed that (910) 352-5109 was assigned to service provider T-Mobile.

13. On February 19, 2017, law enforcement officers from the FBI and Cary Police Department executed a North Carolina state Search Warrant at the address 3116 Lakeside View Court, Cary, NC. Garrett Grimsley was present in the apartment alone and refused to answer questions by the agents.

14. Upon entry into the apartment, a computer screen was visible with several Facebook private messages between Facebook users "Garrett Grimsley" (UID: 100010298227636) and Facebook user "Tim Tam" (UID: 100011861693579). The "Spark_Pure" Whisper messages noted above had been pasted into the Facebook conversation.

15. The Facebook private messages between "Grimsley" and "Tim Tam" revealed a lengthy conversation indicating that they were both aware of the Whisper posts and that they were both expecting "Grimsley" to get "raided" by law enforcement. At one point, "Tim Tam" stated "we're going to be on CNN tomorrow god damnit" and later "I swear to god you're going to get a swat team". In an apparent reference to "Grimsley" spotting a law enforcement surveillance vehicle, "Grimsley" told "Tim Tam", "holy fuck I'm actually going to get raided."

16. Continuing in their conversation, "Tim Tam" and "Grimsley" then discussed accessing the internet anonymously and deleting the

3

Whisper account Grimsley used. "Grimsley" sent "Tim Tan" a screen capture of Grimsley in the process of encrypting Grimsley's hard drive on his computer. The status of the encryption was 57% complete with eight hours left. "Grimsley" also said "hurry up, van is outside" to which "Tim Tam" replied "you're fucked kiddo".

17. When FBI agents arrived inside Grimsley's apartment, Grimsley's computer screen showed an encryption status of 63% complete.

18. Other Facebook comments made by "Grimsley" to "Tim Tam" included "Grimsley" stating "I yell about jihad and shooting all the people all the time, too much CSGO [likely reference to Counter Strike Global Offensive video game] and nasheeds [Islamic videos with speeches and music in the background]." "Grimsley" also posted a nasheed video called "Soldiers of Allah." "Grimsley" also stated, "the FBI will understand I was only reading Dabiq for the pictures, right?" (NOTE - Dabiq is an online extremist magazine published by the terrorist organization Islamic State of Iraq and Syria (ISIS)).

19. Also recovered from inside Grimsley's apartment was an AK-47 assault rifle with a collapsible stock, four 30-round magazines, and approximately 340 rounds of 7.62 millimeter ammunition.

20. Your affiant is aware that Grimsley worked at a software company, SciQuest, Inc, located at 3020 Carrington Mill Boulevard, Suite 100, Morrisville, NC 27560. Grimsley worked with computers and other electronic devices, some of which had access to the internet and communication platforms. Grimsley was employed at this location from approximately June 2016 through the present.

21. Based on the above, I respectfully submit that there is probable cause to believe that Garrett Grimsley transmitted a threat in interstate commerce to injure the person of another, in violation of Title 18, United States Code, Section 875(c).

22. There is also probable cause to believe that evidence of the above crime, more specifically described in Attachment B, may be found at Grimsley's work location, more specifically described in Attachment A.

_____
ANDREW MAURER
Task Force Officer
Federal Bureau of Investigation

Pursuant to Rule 4.1 of the Federal Rules of Criminal Procedure, the affiant appeared before me via reliable electronic means, was placed under oath, and attested to the contents of this written affidavit.
Dated: February 22, 2017

*Robert T Numbers II*
_____
Robert T. Numbers, II
United States Magistrate Judge

5

## ATTACHMENT A

### SUBJECT PREMISES

The SUBJECT PREMISES is the work offices located at **SciQuest, Inc, address 3020 Carrington Mill Boulevard, Suite 100, Morrisville, NC 27560**. This work office is described as a five story commercial work office building with a tan and grey colored exterior with windows. The top left corner of the building is marked with the numbers "3020".

## ATTACHMENT B

## PROPERTY TO BE SEARCHED AND/OR SEIZED

This warrant authorizes (i) the search of the property/location identified in Attachment A for only the following and (ii) authorizes the seizure of the items listed below only to the extent they constitute the following:

(a) Evidence of violations of Title 18, United States Code, Section 875(c) ("subject violation"); or

(b) Any item constituting contraband due to the subject violations, fruits of the subject violations, or other items possessed whose possession is illegal due to the subject violations; or

(c) Any property designed for use, intended for use, or used in committing any subject violations; or

Subject to the foregoing, the items authorized to be seized and subsequently searched include the following:

1. Computers, cellular telephones, and electronic devices capable of communication via the internet as well as any form of storage medium potentially capable of containing records, documents, or materials indicating:
    a. Intent to communicate threats or to support or engage in threatening or violent conduct;
    b. International travel;
    c. Ownership of the device.

2. Any physical record, document, or material indicating:
    a. Intent to communicate threats or to support or engage in threatening or violent conduct;
    b. International travel;
    c. Ownership or use of the device(s) described in #1 above.